UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ARTURO AMAYA MERINO,<br><br>               Plaintiff,<br><br>     v.<br><br>PARTNERSHIP HEALTH PLAN OF<br>CALIFORNIA, et al.,<br><br>               Defendants. | Case No. 2:26-cv-01834-DAD-CSK (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 3) |

Pending before the Court is Plaintiff Luis Arturo Amaya Merino's ex parte motion for a temporary restraining order ("TRO").[1] (ECF No. 3.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court recommends that Plaintiff's motion for a TRO be DENIED.

/ / /

/ / /

/ / /

_____

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.   BACKGROUND

### A.   Factual Allegations[2]

Plaintiff is a disabled Medi-Cal beneficiary who has been diagnosed with schizophrenia, PTSD, bipolar disorder, TBI, ADHD, and OSA. Compl. ¶ 3 (ECF No. 1). Plaintiff owns two emotional support dogs. *Id.* ¶ 9. Plaintiff alleges he is the tenant of an apartment in El Sobrante, California that is owned by his former employer but that "was placed in Plaintiff's name through his parents' real estate fraud and identity theft." *Id.* ¶ 8. Due to an ongoing National Labor Relations Board ("NLRB") retaliation lawsuit against Plaintiff's former employer, Plaintiff alleges his current living situation in the apartment is dangerous and he plans to vacate the apartment as soon as possible. *Id.*

Plaintiff alleges he requires a "detached single-family home with four bedrooms" to accommodate his disabilities and emotional support animals. *Id.* ¶ 11. Plaintiff alleges Defendants have failed to grant Plaintiff "mandatory CalAIM Community Supports," including the four-bedroom detached single-family home. *Id.* ¶ 13.

### B.   Procedural Posture

On May 14, 2026, Plaintiff filed his Complaint against Defendants Partnership Health Plan of California, the County of Placer's Adult System of Care division, Dr. Matthew Morris in his official and individual capacity, and Amy Ellis in her official and individual capacity. Compl. Plaintiff alleges three claims:  (1) violation of civil rights under 42 U.S.C. § 1983 for state-created danger and deliberate indifference; (2) violation of Title II of the ADA and FEHA; and (3) violation of the California Unruh Civil Rights Act. *Id.* ¶¶ 15-17. For relief, Plaintiff seeks a preliminary injunction authorizing "30-day provisional Transitional Rent (CS15) and the full housing trio (CS01–CS03) for a detached single-family home with four bedrooms," declaratory relief, and monetary

---

[2]  These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

damages. *Id.* at Prayer for Relief.

On the same day, Plaintiff filed a motion to proceed in forma pauperis ("IFP"), the instant ex parte motion for a TRO, and a motion to receive court documents by email. (ECF Nos. 2, 3, 4.) On May 20, 2026, Plaintiff filed (1) a "Notice of Supplemental Information and Newly Arising Evidence in Support of Plaintiff's Ex Parte Application for Temporary Restraining Order; Request That the Court Consider Supplemental Facts and Exhibits," and (2) unmarked exhibits in further support of his TRO motion. (ECF Nos. 5, 6.) Plaintiff also filed a motion to e-file documents in this action. (ECF No. 7.) On May 21, 2026, the Court denied Plaintiff's request for e-filing and granted Plaintiff's motion to receive court documents by email, construed as a motion consenting to receive electronic service of documents. 5/21/2026 Minute Order (ECF No. 8). Plaintiff's IFP motion and the screening of the Complaint are pending before the Court.

## II.      LEGAL STANDARDS

Plaintiff moves ex parte for a temporary restraining order pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III.   DISCUSSION

In his TRO motion, Plaintiff seeks injunctive relief ordering Defendants to: "(1) Authorize 30-day provisional Transitional Rent (CS15) and the full housing trio (CS01–CS03); (2) Grant the 4-bedroom Reasonable Accommodation for a detached single-family home; [and] (3) Authorize Plaintiff's Full Service Partnership (FSP) benefits." Pl. Mot. at 1 (ECF No. 3). The Court recommends denial of Plaintiff's TRO motion because it is unclear what relief Plaintiff seeks and because it is unclear which Defendants, if any, can provide the relief sought.

### A.   Relief Sought in TRO

It is unclear what relief Plaintiff seeks in his TRO motion. Aside from the grant of a four-bedroom detached single-family home, Plaintiff seeks "immediate authorization of 30-day provision Transitional Rent (CS15) and the full CalAIM housing trio (CS01-CS03)," as well as "Full Service Partnership (FSP) benefits." Pl. Mot. at 1, 5. It appears that Plaintiff seeks the administration of certain benefits or support services provided through MediCal's reform initiatives, titled California Advancing and Innovating Medi-Cal ("CalAIM"). However, Plaintiff does not specify the nature of each benefit or service he seeks by injunctive relief. For example, if Plaintiff is seeking the administration of monetary aid, Plaintiff does not specify how much, for what, and for how long.

"[I]njunctive relief must be tailored to remedy the specific harm alleged, and an overbroad preliminary injunction is an abuse of discretion." *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 767 (9th Cir. 2014) (citation omitted). Without additional details concerning the relief Plaintiff seeks, the Court cannot conclude the requested relief is appropriately tailored to Plaintiff's alleged harms. Thus, the Court recommends denying the TRO motion because it is unclear what relief is actually sought, and an order cannot issue granting unknown, blanket relief.

### B.   The Court Lacks Authority to Grant a TRO

Even if the relief sought by Plaintiff was clearly described, Plaintiff requests the

4

Court grant the TRO without specifying which of the named Defendants that Plaintiff seeks to enjoin. Plaintiff states generally that "Defendants have refused" to grant the requested relief. Pl. Mot. at 5, 6. "Thus, it is unclear from which Defendant Plaintiff seeks such relief, let alone whether that relief is related to the claims against that Defendant and is within the Court's power to order." *DeRaedt v. Clinica*, 2024 WL 5186624, at *1 (D. Or. Dec. 20, 2024). If only individuals or entities other than Defendants can provide the requested relief, this Court is unable to issue an order against individuals and entities who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 112 (1969); *see also Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) (explaining that the scope of an injunction is limited to the parties in the action).

Therefore, the Court also recommends denial of Plaintiff's TRO motion because Plaintiff has not specified which Defendants can and should provide the relief requested and to which claims such relief is related, and therefore the Court cannot determine whether it has authority to issue such an order over any of the Defendants. *See DeRaedt*, 2024 WL 5186624, at *1; *Zenith Radio Corp.*, 395 U.S. at 112; *Zepeda*, 753 F.2d at 727.

### C.    Plaintiff's Supplemental Facts

Plaintiff's supplemental statement and exhibits do not alter the Court's conclusion that his motion fails to establish an entitlement to a temporary restraining order. In Plaintiff's supplemental statement, he states that, despite having "been officially approved for CalAIM Service Code H0043, Housing Transition Navigation Services," Plaintiff has not received "housing transition assistance, relocation placement, or operational implementation." (ECF No. 6 at 1.)[3] Plaintiff also seeks to present evidence

---

[3]  Plaintiff's exhibit filing includes an email from Dan Apgar, the Program Manager for Placer County Adult System of Care, denying Plaintiff's "request for Transitional Rent services" because "Transitional Rent is not operational in Placer County at this time." (ECF No. 5 at 4.) Plaintiff states he also submitted "Exhibit B," the "insurance portal approval screenshots confirming Code H0043," but such a document does not appear in Plaintiff's exhibit filing. (ECF No. 6 at 2.) In any event, the Court is still unable to

that he was served on May 19, 2026 with a 3-Day Notice to Pay Rent or Quit by his landlord in retaliation for the ongoing NLRB dispute. (ECF No. 6 at 2; ECF No. 5 at 2-3.) Plaintiff alleges the 3-Day Notice is baseless because Plaintiff received financial assistance that should have been applied toward Plaintiff's rent payments. (ECF No. 6 at 2; ECF No. 5 at 5.)

The Court recognizes that Plaintiff is apprehensive of serious hardships he may face if he is rendered homeless. However, Plaintiff's supplemental facts do not cure the material defects in Plaintiff's TRO motion that prevent the Court from determining whether it can grant relief, namely, that Plaintiff has not clearly identified the nature of the relief he seeks and from whom.

**IV.   CONCLUSION**

Based on the findings above, it is RECOMMENDED that Plaintiff's ex parte motion for a TRO (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 21, 2026

8, amay.1834.26

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

---

determine from this evidence the scope of Plaintiff's requested relief and which Defendant or Defendants that Plaintiff believes can provide it.

6