UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ARTURO AMAYA MERINO,<br><br>Plaintiff,<br><br>v.<br><br>PARTNERSHIP HEALTH PLAN OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:26-cv-01834-DAD-CSK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLATINIFF'S *EX PARTE* MOTIONS FOR TEMPORARY RESTRIANING ORDER<br><br>(Doc. Nos. 3, 10, 17) |

Plaintiff Luis Arturo Amaya Merino is proceeding *pro se* in this action brought pursuant to 42 U.S.C. § 1983, "ADA Title II & FEHA," and the Unruh Civil Rights Act. (Doc. No. 1.) On May 14, 2026, plaintiff filed a motion for temporary restraining order. (Doc. No. 3.) The motion was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On June 23, 2026, plaintiff filed a second *ex parte* motion for temporary restraining order. (Doc. No. 17.)

On May 21, 2026, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for temporary restraining order be denied "because it is unclear what relief Plaintiff seeks and because it is unclear which Defendants, if any, can provide the relief sought." (Doc. No. 10 at 4.) Specifically, the magistrate judge found that plaintiff is apparently seeking the administration of certain benefits but that plaintiff has failed to specify the

1

nature and extent of the benefits he is seeking. (*Id.* at 4–5.)  In addition, plaintiff does not specify which of the defendants he seeks to enjoin. (*Id.*)  The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Doc. No. 10 at 6.)

On June 18, 2026, plaintiff filed a supplemental emergency declaration and request for immediate relief. (Doc. No. 16.)  As noted, on June 23, 2026, plaintiff filed a second motion for temporary restraining order. (Doc. No. 17.)  In plaintiff's second motion for temporary restraining order, plaintiff again neglects to identify which of the defendants he wishes to enjoin in all but two of his requests for relief. (Doc. No. 17 at 7–8.)  First, plaintiff requests that defendant Partnership HealthPlan identify "the responsible decisionmaker" and process his transitional rent request. (Doc. No. 17 at 7.)  However, plaintiff has not provided the court with any documentation showing that he has a pending transitional rent request nor is it clear that defendant Partnership HealthPlan has the authority to process a transitional rent request.[1]  Second, plaintiff requests that defendant Amy Ellis, in her official capacity as the Placer Adult System of Care ("ASOC") Director, be ordered to identify "the responsible decisionmaker" and allow plaintiff remote signatures, remote enrollment, remote consents, remote "HSP supplementation", and remote disability-accommodation review. (*Id.*)  Even if the court were able to determine the exact scope of plaintiff's requested remote access, plaintiff has not explained how remote access is related to the claims asserted in his complaint.  Accordingly, despite plaintiff directing these additional requests to specific defendants, the court is unable to decipher the scope of plaintiff's requested relief.  In this regard, plaintiff's subsequent filings do not cure the deficiencies noted by the magistrate judge in the pending findings and recommendations (Doc. No. 10).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.  In addition,

---

[1]  Notably, plaintiff provides documentation that he was informed on May 15, 2026, that Placer County does not offer transitional rent services and that his request was declined. (Doc. No. 5 at 4.)  Plaintiff was again informed on June 2, 2026 that Placer County does not offer transitional rent. (Doc. No. 16 at 70.)

the court concludes that plaintiff's second motion for temporary restraining order (Doc. No. 17) should be denied for the same reasons explained by the magistrate judge in the findings and recommendations (Doc. No. 10).

Accordingly,

1.    The findings and recommendations issued on May 21, 2026 (Doc. No. 10) are ADOPTED in full;

2.    Plaintiff's *ex parte* motions for temporary restraining order (Doc. Nos. 3, 17) are DENIED; and

3.    This matter is REFERRED to Magistrate Judge Chi Soo Kim for further proceedings.

IT IS SO ORDERED.

Dated:    **June 25, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3