UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ARTURO AMAYA MERINO,<br>Plaintiff,<br>v.<br>PARTNERSHIP HEALTH PLAN OF CALIFORNIA, et al.,<br>Defendants. | Case No. 2:26-cv-01834-DAD-CSK (PS)<br><br>ORDER AND FINDINGS & RECOMMENDATIONS<br><br>(ECF Nos. 1, 2, 22) |

Pending before the Court is Plaintiff Luis Arturo Amaya Merino's application to proceed in forma pauperis ("IFP") and ex parte motion for a temporary restraining order ("TRO").[1] (ECF Nos. 2, 22.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file.

For the reasons that follow, the Court GRANTS Plaintiff's application to proceed IFP. Further, the Court recommends (1) DISMISSING Plaintiff's Complaint (ECF No. 1) with leave to amend certain claims as set forth below; and (2) DENYING Plaintiff's motion for a TRO.

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

## I. PLAINTIFF'S APPLICATION FOR IFP

Plaintiff seeks leave to proceed IFP pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the

complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## III. THE COMPLAINT

The Complaint identifies the following defendants: Partnership Health Plan of California; County of Placer Adult System of Care ("ASOC"); Matthew Morris, in his official capacity as Regional Medical Director and in his individual capacity; and Amy Ellis, in her official capacity as Placer ASOC Director and in her individual capacity. Compl. ¶¶ 4-6 (ECF No. 1). The Complaint alleges Plaintiff is a disabled Medi-Cal beneficiary who has been diagnosed with schizophrenia, PTSD (post-traumatic stress disorder), bipolar disorder, TBI (traumatic brain injury), ADHD (attention deficit hyperactivity disorder), and OSA (obstructive sleep apnea). *Id.* ¶ 3. Plaintiff owns two emotional support dogs. *Id.* ¶ 9. Plaintiff alleges he is the tenant of an apartment in El Sobrante, California that is owned by his former employer but that "was placed in Plaintiff's name through his parents' real estate fraud and identity theft." *Id.* ¶ 8. Due to an ongoing National Labor Relations Board ("NLRB") retaliation lawsuit against Plaintiff's former employer, Plaintiff alleges his current living situation in the apartment is dangerous and he plans to vacate the apartment as soon as possible. *Id.*

Plaintiff alleges he requires a "detached single-family home with four bedrooms" to accommodate his disabilities and emotional support animals. *Id.* ¶ 11. Plaintiff alleges Defendants have failed to grant Plaintiff "mandatory CalAIM Community Supports," including the four-bedroom detached single-family home. *Id.* ¶ 13. Plaintiff asserts three causes of action: (1) 42 U.S.C. § 1983 for state-created danger and deliberate indifference; (2) "ADA Title II & FEHA Reasonable Accommodation Denial," and (3) violation of the California Unruh Civil Rights Act, Cal. Civ. Code § 51. Compl. ¶¶ 15-17.

/ / /

/ / /

## IV. DISCUSSION

### A. Federal Rule of Civil Procedure 8

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it consists of "[t]hreadbare recitals of the elements" of his causes of action and fails to state a claim for relief. *Iqbal*, 556 U.S. at 678.

In his Complaint, Plaintiff asserts claims against all Defendants pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.* ("ADA"), the California Fair Employment and Housing Act ("FEHA"), and the Unruh Act. Compl. at 2-3. The Court addresses Plaintiff's claims in turn.

#### 1. <u>Section 1983 Claims</u>

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

*a. State-Created Danger Doctrine*

"The Fourteenth Amendment's Due Process Clause . . . does not confer any affirmative right to governmental aid" and "typically does not impose a duty on the state to protect individuals from third parties." *Henry A. v. Wilden*, 678 F.3d 991, 998 (9th Cir. 2012) (citation modified). An exception to this rule is the state-created danger exception, where "the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known and obvious danger." *Id.* (citation modified). To determine whether an official affirmatively placed an individual in danger, the court must determine "(1) whether any affirmative actions of the official placed the individual in danger he otherwise would not have faced; (2) whether the danger was known or obvious; and (3) whether the officer acted with deliberate indifference to that danger." *Id.* at 1002. To show deliberate indifference, the Ninth Circuit requires the actor "must recognize an unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *Patel v. Kent School District*, 648 F.3d 965, 974 (9th Cir. 2011).

Here, the Complaint fails to state a claim for state-created danger. The Complaint alleges that, "[b]y approving the [Inter-County Transfer] and coverage, then refusing mandatory supports while Plaintiff remains in a dangerous retaliatory living situation, Defendants created a foreseeable danger to a disabled individual in violation of the 14th Amendment." Compl. ¶ 15. This vague and conclusory allegation fails to give Defendants notice of the claims and grounds on which they rest, and it fails to allege their acts with some degree of particularity. *See Kimes*, 84 F.3d, at 1129. For example, the Complaint groups all Defendants together without providing who did what. The Complaint is also unclear with respect to what the "Inter-County Transfer" and "coverage" for Plaintiff consisted of, or what "mandatory supports" were refused to Plaintiff. The Complaint's references to "mandatory CalAIM Community Supports" do not

provide clarity in this respect because Plaintiff only provides what appear to be the names and codes of certain benefits, but not what they do and how they work. *See* Compl. ¶ 13. Even assuming that "mandatory supports" include the four-bedroom single-family home Plaintiff allegedly requires to accommodate his disabilities, the Complaint fails to explain when, where, or how Defendants denied this to Plaintiff, how any Defendant had knowledge of Plaintiff's "dangerous retaliatory living situation," or how the approval of an "Inter-County Transfer" and "coverage" created Plaintiff's dangerous living situation. Accordingly, because Plaintiff makes conclusory and vague allegations that fail to describe who the actors are and what conduct was directed at Plaintiff, Plaintiff has failed to sufficiently plead a state-created danger claim. Because Plaintiff is proceeding pro se, these claims are dismissed with leave to amend to provide Plaintiff with another opportunity to attempt to plead a state-created danger claim.

*b.* Monell *Liability*

It also appears that Plaintiff seeks to bring a claim for municipal liability against Defendant County of Placer Adult System of Care pursuant to § 1983. "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also* *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy"

caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, the Complaint does not allege any facts that could support a *Monell* claim. For this additional reason, Plaintiff's § 1983 claim against Defendant County of Placer Adult System of Care is dismissed with leave to amend. Plaintiff will be provided an opportunity to amend his Complaint but must allege specific facts demonstrating Plaintiff's alleged constitutional violations resulted from Defendant County of Placer Adult System of Care's "execution of a government's policy or custom." *Monell*, 436 U.S. at 694.

2. Americans with Disabilities Act Claims

Plaintiff asserts a claim under Title II of the ADA against all Defendants. Compl. ¶ 16. Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability. 42 U.S.C. § 12131, *et seq.* However, only a "public entity" can be sued under Title II for ADA violations. *See Burgess v. Carmichael*, 37 F. App'x 288, 292 (9th Cir. 2002). Here, County of Placer Adult System of Care is a public entity. *See Serris v. Chastaine*, 2022 WL 2133900, at *3 (E.D. Cal. June 14, 2022) (citing *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001)); *see also* 42 U.S.C. § 12131 (public entity is defined as "any State or Local Government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government"). It is unclear whether Partnership Health Plan of California is a public entity. Accordingly, the Court recommends (1) dismissing Plaintiff's ADA claims against Defendant Partnership Health Plan of California with leave to amend to the extent Plaintiff can allege facts showing Partnership Health Plan of California is a public entity; and (2) dismissing Plaintiff's ADA claims against Defendants Matthew Morris and Amy Ellis without leave to amend because they are individuals, not public entities. The Court

will proceed to address Plaintiff's ADA claim as it pertains to Defendant County of Placer Adult System of Care.

A person alleging a Title II violation must show (1) they are a qualified individual with a disability; (2) they were excluded from participation in or denied the benefit of a public entity's services, programs, or activities, or the public entity otherwise discriminated against them; and (3) the exclusion, denial, or discrimination was by reason of their disability. *Duvall*, 260 F.3d at 1135. To recover damages under Title II of the ADA, Plaintiff "must prove intentional discrimination on the part of the defendant." *Duvall*, 260 F.3d at 1138 (citation modified). The Ninth Circuit further held that deliberate indifference is the applicable standard to determine whether there was intentional discrimination by a defendant. *Id.*

Here, the Complaint provides only vague, conclusory allegations in support of Plaintiff's ADA claim. First, the Complaint fails to identify what services, programs, or activities are offered specifically by Defendant Placer County Adult System of Care. Second, although the Complaint alleges Plaintiff "requires a detached single-family home with four bedrooms," the Complaint fails to allege facts showing the necessity of these accommodations or how they formed part of a public entity's services, programs, or activities. Third, the Complaint fails to allege facts sufficient to show deliberate indifference because it does not allege that Placer County Adult System of Care was aware of Plaintiff's disabilities or denied benefits to Plaintiff *by reason of* his disabilities. Thus, Plaintiff has not alleged facts sufficient to show that he was intentionally discriminated against due to his disability. Accordingly, Plaintiff has failed to state a claim under Title II of the ADA against Defendant Placer County Adult System of Care. Because Plaintiff is proceeding pro se, this claim is dismissed with leave to amend to the extent Plaintiff can allege sufficient facts to state a claim under Title II of the ADA.

3. <u>State Law Claims</u>

Plaintiff also seeks to bring claims pursuant to FEHA and the Unruh Act. Compl. ¶¶ 16, 17. As discussed above, Plaintiff has failed to state a claim under federal law.

Accordingly, the Court will not exercise supplemental jurisdiction under Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy Sheriff's Association*, 535 F. Supp. 3d 913, 931 (E.D. Cal. 2021); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

**B. Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under § 1983 and the ADA, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

**Plaintiff is instructed not to file any amended complaint until the district judge rules on these findings and recommendations.** If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. See Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally

guessing as to what facts support the legal claims being asserted against certain defendants”). The amended complaint must not require the Court to spend its time “preparing the ‘short and plain statement’ which Rule 8 obligated plaintiffs to submit.” *Id.* at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines “to determine who is being sued for what.” *Id.* at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

**C. Motion for Temporary Restraining Order**

On June 29, 2026, Plaintiff filed an ex parte motion for a TRO seeking relief in the form of “FSP, ECM, Transitional Rent, and the related Community Supports housing trio: Housing Transition Navigation, Housing Deposits, and Housing Tenancy and Sustaining Servies.” (ECF No. 22 at 2.) Plaintiff previously filed similar motions for a TRO on May 14, 2026 and June 23, 2026. (ECF Nos. 3, 17.) The Court denied both previous motions on June 26, 2026. 6/26/2026 Order (ECF No. 21).

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one “becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend”). Thus, until defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff seeks. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros, Inc.*, 526 U.S. at 350.

Further, because the Court recommends dismissing the Complaint with leave to

amend, there is presently no operative complaint to this action. Accordingly, the Court recommends Plaintiff's TRO be denied without prejudice. *See Carnero v. Elk Grove Financial*, 2017 WL 1315575, at *4 (N.D. Cal. Apr. 6, 2017) (denying a TRO where there was no operative complaint).

The Court also denies Plaintiff's request for expedited consideration of his motion for a TRO (ECF No. 25) as moot.

**V. CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED; and

2. Plaintiff's request for expedited consideration (ECF No. 25) is DENIED as moot.

Further, based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's Complaint (ECF No. 1) be DISMISSED with leave to amend as follows:

    a. Plaintiff's claims under 42 U.S.C. § 1983 are dismissed with leave to amend as to all Defendants;

    b. Plaintiff's claims under Title II of the ADA are dismissed with leave to amend as to Defendants Partnership Health Plan of California and Placer County Adult System of Care, and dismissed without leave to amend as to Defendants Matthew Morris and Amy Ellis; and

    c. Plaintiff's claims under FEHA and the Unruh Act are dismissed with leave to amend.

2. Plaintiff shall have 30 days from the date of any order by the district judge ruling on these findings and recommendations to file an amended complaint that complies with the instructions provided. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this

action be dismissed. Plaintiff is instructed not to file any amended complaint until the district judge rules on these findings and recommendations; and

3. Plaintiff's motion for a temporary restraining order (ECF No. 22) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

Dated: August 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, amay.1834.26